UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KELLIE S. MCCLINTOCK, | ) |
|---|---|
| *Plaintiff*, | ) |
| | ) Case No: 2:19-cv-29 |
| v. | ) |
| | ) Judge Christopher H. Steger |
| ANDREW SAUL, | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

Plaintiff Kellie McClintock seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), of the denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f, by the Commissioner of the Social Security Administration. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 16].

For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 17] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 19] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.   Procedural History**

In May 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability of June 26, 2014. (Tr. 17). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

1

In February 2018, ALJ Brian Lucas heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. (*Id.*). The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined in the Act. (Tr. 25). Following the ALJ's decision, Plaintiff requested that the Appeals Council review her denial; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in March 2019, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

**II.    Findings by the ALJ**

Concerning the decision on Plaintiff's application for benefits, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.

2. Plaintiff had not engaged in substantial gainful activity since June 26, 2014, the alleged onset date. (20 C.F.R. §§ 404.1571 *et seq.*).

3. Plaintiff had the following medically determinable impairments: immune deficiency disorder with residual effects and anxiety disorder (20 C.F.R. § 404.1521 *et. seq.*).

4. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments (20 C.F.R. § 404.1521 *et. seq.*).

5. Plaintiff has not been under a disability, as defined in the Social Security Act, from June 26, 2014, through the date of the ALJ's decision (20 C.F.R. § 404.1520(c)).

(Tr. at 17-24).

## III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish a disability under the Act, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity, she is not disabled; (2) if the claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy that she can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching his decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, he must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But, for purposes of the substantial-evidence review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Also, courts are not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV. Analysis

In this case, the ALJ stopped the analysis at step two, finding that Plaintiff did not suffer a severe impairment. The ALJ's finding forms the basis of one of Plaintiff's objections because Plaintiff believes that she does suffer from a severe impairment. Plaintiff also asserts that the ALJ erred in failing to consider the opinion of Plaintiff's treating providers. The Court will address each of Plaintiff's objections in turn.

### A. Severe Impairment

Plaintiff first contends that the ALJ erred by finding that Plaintiff did not suffer a severe impairment. [Doc. 18 at PageID #: 854-56]. In support of her argument that she has a severe impairment, Plaintiff points to the fact that she has Lyme Disease and discusses the accompanying symptoms of that condition. [*Id.* at PageID #: 856]. A "severe impairment" is an impairment or combination of impairments, "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not "severe" if it has no more than a minimal impact on an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1522; Social Security Ruling (SSR) 85-28, 96-3p. Thus, to establish that her impairments are "severe," Plaintiff must show that her impairments more than minimally impact her ability to perform basic work activities for the twelve-month durational requirements under the Act. *See* 20 C.F.R. § 404.1522. As explained in SSR 85-28, "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28; 20 C.F.R. §§ 404.1522(b)(1)-(2) (defining "basic work activities" concerning physical capacities); 404.1522(b)(3)-(6) (defining "basic work activities" for mental capacities). The evidence that Plaintiff had a medically determinable impairment must come from acceptable medical sources, while evidence from other

medical sources may be used to show the severity of the impairment and how it affects her ability to work. *See* 20 C.F.R. § 404.1513(a), (d)(1). Yet, the existence of a medically determinable impairment alone is insufficient to overcome the minimal-impact hurdle. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007); *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988). That is, even if Plaintiff has been diagnosed or treated for a condition, this diagnosis or treatment does not establish that the impairment is "severe."

Here, the ALJ reviewed the evidence from Plaintiff's alleged onset date and found that Plaintiff's Lyme disease and other symptoms did not amount to a severe impairment or combination of impairments. (Tr. 19-24). Plaintiff's objections concerning the ALJ's findings with respect to the severity of her impairment are based upon her own subjective complaints. But, the ALJ was not required to take Plaintiff at her word. 20 C.F.R. § 404.1529(a). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). On the other hand, those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

The ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with the medical evidence and other evidence in the record. (Tr. 22-24). *See* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found a lack of objective evidence to support Plaintiff's

complaints, her activities of daily living, discrepancies within the record, and the medical opinions not being supportive of the alleged disability. (Tr. at 20-24). An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *See* SSR 96–7p, 1996 WL 374186, at *7. The ALJ examined the objective medical findings and noted that despite Plaintiff's many subjective symptoms, the objective findings were routinely normal. (Tr. 22, 309, 318, 337, 346, 757-58). Plaintiff's EEG, MRI, and eye exams, for instance, were all essentially normal. (Tr. 22, 312, 337, 367). The ALJ also discussed that Plaintiff was healthy-appearing, well-nourished, and well-developed. (Tr. 22).

Overall, the evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will, therefore, not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

### B. The ALJ's Evaluation of Plaintiff's Treating Provider

Plaintiff next contends that the ALJ committed reversible error with respect to his analysis of the opinions of Plaintiff's treating provider, Miguel Gonzalez, M.D, as well as Plaintiff's naturopathic doctor, Karis Tressel, N.D. [Doc. 18 at PageID #: 857]. In particular, Plaintiff disputes the ALJ's finding that Plaintiff was not disabled because it contradicted Dr. Gonzalez's opinion that Plaintiff could not work, [*Id.* at PageID #: 857], and Dr. Tressel's opinion that Plaintiff was unfit to work. [*Id.*].

> The ALJ offered the following analysis of the opinions of Drs. Gonzalez and Tressel:
>
> > The [Plaintiff's] treating provider, Karis Tressel, N.D., reported that the claimant was physically and mentally unfit to work. She said that the [Plaintiff] could not stand, walk, lift, or handle objects for any length of time . . . . In addition, treating doctor, Miguel Gonzalez, M.D. reported that the claimant was unable to work . . . . The undersigned gives these opinions little weight. First, the undersigned notes that Karis Tressel, N.D. is not an acceptable medical source. In addition, neither source's opinion is supported by the record, which shows many subjective complaints with few abnormal objective findings. For example, the claimant had normal muscle strength, neurologic examinations, and eye examinations, in addition to unremarkable findings in other body systems . . . . There is no indication that the claimant could not stand, walk, lift, or perform other work activities. Further, any statement that the claimant is unable to work is an issue reserved to the Commissioner and is, thus, not given any special significance under CFR 404.1527(d)(3). For all of these reasons, the undersigned gives these opinions little weight.

(Tr. 23-24).

If a treating physician's opinion as to the nature and severity of impairment is: (1) well-supported by medically-acceptable clinical and laboratory diagnostic techniques; and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). In making this determination, the appropriate weight to be given to a treating physician's opinion should be based on the length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the entire record, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons

for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that her physician has deemed her disabled and thus "might be especially bewildered when told by an administrative bureaucracy that [she] is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits a meaningful review of the rule's application. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

Reviewing the ALJ's decision in light of the "good reasons" standard, substantial evidence supports the ALJ's decision to afford Dr. Gonzalez's opinion "little weight." The ALJ noted, for example, that objective medical evidence contradicts Dr. Gonzalez's opinion. (*Id.*); *see* 20 C.F.R. § 404.1527(c)(2). Though "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010). The ALJ met that standard here. The ALJ provided specific examples as to how Dr. Gonzalez's records contradict other evidence—particularly that Dr. Gonzalez's opinion was mainly based upon Plaintiff's subjective complaints. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285-86 (6th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (internal quotations and citations omitted)). Accordingly, the ALJ adequately explained his decision to give "little weight" to Dr. Gonzalez's opinion, and substantial evidence supports that finding. *Keeler v. Comm'r of Soc. Sec.*, 511 F. App'x 472, 473 (6th Cir. 2013) (affirming the ALJ's determination of not giving a provider's opinion controlling

weight because the opinion "was contradicted by other evidence in the record demonstrating that Keeler was able to engage in significant physical activities . . . .").

Beyond that, the Court also agrees with the ALJ that Dr. Tressel, a naturopathic doctor, is not an acceptable medical source. 20 C.F.R. § 416.913(a). And like Dr. Gonzalez's opinion, Dr. Tressel's opinions appear to be based primarily on Plaintiff's self-reporting of her symptoms rather than on objective medical evidence. *See Tommasetti*, 533 F.3d at 1041. Remand is, therefore, unnecessary.

**V.      Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgment on the Pleadings [Doc. 17] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 19] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE